IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Michelle Krankowski<br>1312 Brockley Avenue<br>Lakewood, Ohio 44107<br><br>vs<br><br>Nationwide Credit, Inc.<br>800 Westpoint Parkway<br>Suite 110<br>Westlake Ohio 44145 | Case No.<br><br>Judge: SHIRLEY STRICKLAND SAFFOLD<br><br>CV 05 573676<br><br>Complaint<br>( Discovery Requests Attached) |

1. Michelle Krankowski is a white female who, at all times resides at 1312 Brockley Ave, Lakewood, Ohio, in Cuyahoga County

2. Nationwide Credit, Inc (NCI) is a corporation with an office at 800 Westpoint Parkway, Suite 1100, Westlake, Ohio. NCI is in the business of consumer debt collections on behalf of creditors.

3. On or about October 13, 2004 Plaintiff applied for employment with NCI for a position as paralegal or collector. On October 27, 2004 Plaintiff was advised by NCI that she passed the various requirements for employment. She advised NCI that she was scheduled for surgery on October 29, 2004 and NCI advised her that it would accommodate this. Plaintiff's medical condition, a bad back, severely limited her ability to function and constitutes a handicap within the meaning of The Americans with Disabilities Act (ADA), 42 U.S.C. 12101 et seq., and The Ohio Civil Rights Act, O.R.C. 4112.01 et seq.

4. Originally, NCI scheduled Plaintiff for training on November 1, 2004.



EXHIBIT B

5.  On November 1, 2004, her medical condition prevented Plaintiff from beginning training and she presented a medical release indicating that she could start November 22, 2004. NCI told her she would be accommodated and to call NCI with further information on her availability. On her request NCI scheduled Plaintiff for training classes commencing December 6, 2004. Training classes are for two weeks.

6.  Plaintiff commenced training December 6, 2004, for two weeks. During this period Plaintiff noticed that another trainee, an African-American (Black) male, was given preferential and more favorable treatment with respect to attendance, breaks, and other conditions of employment.

7.  Thereafter, on about December 20, 2004 after successfully completing the training, Plaintiff commenced work, which generally consisted of contacting debtors to collect money on past due accounts of NCI's customers. NCI personnel instructed Plaintiff to misrepresent herself as a lawyer to the debtors and to call debtors at " her convenience" even though such calls may have been at inappropriate hours. Plaintiff protested to NCI management that theses practices violated The Fair Debt Collection Practices Act (15 U.S.C. 1692). She was told to continue these practices in order to keep her job.

8.  Additionally, it had been agreed that her medical condition would be accommodated. That condition required her to alternate standing and sitting to alleviate a back condition. NCI then refused to do so. Further, she was then fired when she needed to take time off and to attend a medical appointment.

10. The African American male had taken time off for a medical appointment and was not disciplined.

## AS A FIRST CAUSE OF ACTION

11. Plaintiff alleges: (A) NCI illegally discriminated against her on account of her race and sex by giving her disparate and unfair treatment compared to others of a different race and sex, who received preferential treatment; and that she was the subject of adverse employment actions, i.e termination, as a result thereof, these being violations of the U.S. Civil Rights Act, 42 U.S.C. 2000(e) and Ohio Civil Rights Act and the public policy of Ohio (B) NCI failed to accommodate her medical condition, which constitutes a handicap within the meaning of The Americans with Disabilities Act and the Ohio Civil Rights Act and therefore violated her rights under these Acts and the public policy of Ohio with repect thereto; and (C). to the extent of her termination was caused by her protests against the violations of the FDCPA; such was illegal relatation and a violation of the FDCPA and the public policy of Ohio. Plaintif suffered injury from these practices including pain, suffering, embarrassment, humiliation, loss of income and benefits, and the like.

## AS A SECOND CAUSE OF ACTION

12. Defendant's conduct in refusing to accommadote her handicap caused Plaintiff physical agony, pain and suffering and was the result of intentional or reckless conduct by NCI, thus constituting intentional employer tort.

## CONCLUSION

Wherefore, Plaintiff prays for compensatory damages, , including front pay, back pay, benefits or the value thereof, and general compensatory damages and punitive damages as allowed by law and the finder of fact, all estimated in an amount greater than $25,0000.00, and for an order against Defendant enjoining such practices as are described above.

Respectfully

Jeffrey P. Posner (0022075)

Jeffrey P. Posner, LLC
2393 Norwood Rd.
Shaker Hts., OH 44122
Attorney for Plaintiff